UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

FREDERICK J. HARRIS, JR.,

        Plaintiff,                      Case No. 1:15-cv-630

v.                                              Honorable Janet T. Neff

NORA JUSTANIANO TAN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim.

**Factual Allegations**

Plaintiff Frederick J. Harris, Jr. presently is incarcerated at the G. Robert Cotton Correctional Facility. He sues Greenridge Realty Company, real estate broker Nora Justaniano Tan, US Bank, Ottawa County Case Processor Curtis Hegel, and Ottawa County Chief Deputy Clerk Sherri A. Sayles.

According to the complaint, on June 29, 2010, Defendant Tan sold his home at 4129 106th Ave., Allegan, Michigan for $72,400.00. Plaintiff alleges that Defendants Tan and Greenridge Realty did not pay him $4,505.00 of the money owed to him after the sale. Plaintiff also alleges that Defendant US Bank converted his bank account to a brokerage account, from which he was locked out. Plaintiff attempted to file suit in the Ottawa County Circuit Court against Defendant Tan, but Defendants Sayles and Hegel allegedly interfered with his access to the Ottawa County Court.

In his attachments to the complaint, Plaintiff provides copies of various communications from Defendants Hegel and other persons from the Ottawa County Clerk's Office, possibly including Defendant Sayles. First, he attaches a copy of a July 1, 2014 letter sent by the Ottawa County Clerk's Office[1] to Plaintiff, which indicates that his "Notice of Motion" was being returned to him because he did not file a summons and complaint in accordance with the Michigan Court Rules. (Atttach. to Compl., docket #1-1, Page ID#24.) Second, Plaintiff attaches a copy of the March 9, 2015 letter sent to him by Defendant Hegel, returning his documents as unfiled, because his case against Tan had been dismissed on December 12, 2014 for failure to serve defendant Tan. (*Id.*, Page ID#25.) Third, Plaintiff attaches a letter sent from the Ottawa County

---

[1]The page containing the signature and identification information is not included in the attachment.

Clerk's office,[2] indicating that the office was rejecting the proof of service for defendant Tan, because one such proof of service was undated and was signed "J. Nora," which did not correspond to the defendant's name, and the other proof of service was signed by another woman at Greenridge Realty, not defendant Tan. (*Id.*, Page ID#27.) Fourth, Plaintiff attaches a letter dated May 13, 2015 from Justin F. Roebuck, the Ottawa County Clerk, who advises him that the office was not attempting to deny him access to the courts, but was following the Michigan Court Rules. Roebuck advised Plaintiff that he could move to set aside the dismissal of his action if he obtained service on Defendant Tan. (*Id.*, Page ID#28.)

Plaintiff alleges that Defendants' actions denied his right to petition the government, his right to a jury trial, and his right to equal protection. He seeks damages in the amount of $350 million. He also demands that Defendant Tan supply an affidavit to the effect that Judge Kevin Cronin ordered the jury to change their guilty verdicts at gun point, resulting in Plaintiff's imprisonment.

**Discussion**

    I.    <u>Judicial Immunity</u>

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in

---

[2]The page containing the signature and identification information is not included in the attachment.

only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages)); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected

by judicial immunity). Defendants Hegel and Sayles clearly were acting on behalf of the court when they rejected Plaintiff's filings. Because they are entitled to quasi-judicial immunity, Plaintiff may not maintain an action against them for monetary damages.

The Court therefore will dismiss Plaintiff's claims against Defendants Hegel and Sayles because they are entitled to absolute quasi-judicial immunity from his claim for damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which the actions of Defendants Tan, Greenridge Realty, and US Bank could fairly be attributed to the State. Accordingly, he fails to state a § 1983 claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 1, 2015                             /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge